PER CURIAM:
Claimant brought this action for vehicle damage which occurred when her 2003 Dodge Neon struck an irregularity in the pavement on Washington Street East in Charleston, Kanawha County. Washington Street is a public road maintained by Respondent. The Court is of the opinion to deny this claim for the reasons more fully stated below.
The incident giving rise to this claim occurred at approximately 12:30 p.m. *122 on December 22, 2009. Washington Street is a paved, two-lane road with one lane traveling in each direction. Claimant was driving near the Dollar General Store on Washington Street, East, at approximately twenty-five miles per hour when her vehicle struck an uneven section of gravel where a large cut was made in the road. Although Claimant was familiar with the condition of the road, she was unable to avoid this area due to oncoming traffic.
Ella Smith, Claimant’s aunt, who was a passenger in the vehicle, stated that traffic caused the gravel to be kicked up, exposing the cap of a gas valve. According to Ms. Smith, Claimant’s vehicle struck the cap, causing damage to her vehicle. Claimant could not state with certainty whether her vehicle struck the gas valve’s cap, but she was certain that her vehicle struck an accumulation of gravel in this area. As a result of this incident, Claimant’s vehicle sustained damage in the amount of $570.17. Claimant’s insurance deductible was $250.00.
The position of the Respondent is that it was not responsible for repairing the irregularity in the pavement on Washington Street. Thomas Hively, Acting Utility Supervisor for Respondent in District One, testified that he is responsible for processing utility orders and scheduling inspections with Respondent’s utility inspectors. Mr. Hively stated that he is familiar with the area where this incident occurred, and that the gas company dug a hole at this location to repair an emergency leak. He stated that according to the agreement between Respondent and the utility company, the utility company is responsible for restoring the road to Respondent’s satisfaction. Mr. Hively further stated that Respondent received complaints regarding the condition of the road, and, as a result, he contacted the gas company to inform them they needed to perform repairs. He testified that Respondent is responsible for ensuring that the utility company repaired the road in an expeditious manner. Mr. Hively could not determine when the repairs were made in this area. Larry Vasarhelyi, Chief Investigator for Respondent’s Claims Division, testified that he is unaware of an indemnity agreement between the utility company and Respondent.
The well-established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins v. Sims, 130 W.Va. 645, 46 S.E.2d 81 (1947). In order to hold Respondent liable for road defects of this type, Claimant must prove that Respondent had actual or constructive notice of the defect and a reasonable amount of time to take corrective action. Pritt v. Dep’t of Highways, 16 Ct. Cl. 8 (1985); Chapman v. Dep’t of Highways, 16 Ct. Cl. 103 (1986).
In the instant case, the Court finds that the utility company was responsible for performing the repairs at this location, not Respondent. Since Respondent notified the gas company when it received complaints regarding the condition of the road, there is insufficient evidence of negligence on the part of Respondent upon which to base an award. Claimant may seek reimbursement from the utility company for her loss.
It is the opinion of the Court of Claims that the claim should be denied.
Claim disallowed.